IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 13-cv-02811-MSK

WESTERN ENERGY ALLIANCE,

        Plaintiff,

v.

U.S. FISH AND WILDLIFE SERVICE,

        Defendant.

_____

**OPINION AND ORDER DENYING MOTION FOR ATTORNEY FEES**
_____

**THIS MATTER** comes before the Court pursuant to the Motion for Attorney Fees and Costs **(# 13)** by Plaintiff Western Energy Alliance ("WEA"), to which Defendant U.S. Fish and Wildlife Service ("FWS") responded **(# 14)**, and WEA replied **(# 35)**.

WEA initiated this action under the Freedom of Information Act ("FOIA") seeking disclosure of documents related to the peer review of the Greater Sage-grouse Conservation Objectives Final Report. FWS concedes that it did not respond to WEA's request until litigation commenced, but the parties stipulated to the dismissal of the case (# 10) on January 22, 2014, having "come to an agreement concerning" the FOIA request without the Court entering a single order in the case and only shortly after FWS's answer was filed.

A district court may, in its discretion, award attorney fees under FOIA. *See* 5 U.S.C. § 552(a)(4)(E)(i); *Anderson v. Sec'y of Health & Human Servs.*, 80 F.3d 1500, 1504 (10th Cir. 1996). To make the determination, a court first considers whether the complainant has established that it is eligible for an award under the statute and, second, whether a fee award is

otherwise justified. *See Anderson*, 80 F.3d at 1504.  A complainant is eligible for an award of reasonable attorney fees and other litigation costs if the complainant has "substantially prevailed." *See* § 552(a)(4)(E)(i).  A complainant has "substantially prevailed" if he or she has obtained relief through either (i) a judicial order (or enforceable written agreement or consent decree); or (ii) a voluntary or unilateral change in position by the agency, where the complainant's claim was not insubstantial.  § 552(a)(4)(E)(ii).  Determination of whether an award is otherwise justified involves consideration of four factors: (1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law. *Anderson*, 80 F.3d at 1504.  WEA bears the burden of establishing entitlement to an award of attorney fees. *Id.*

FWS does not contest WEA's eligibility for an award of attorney fees, but nonetheless argues that none of the four factors support the WEA.  FWS additionally challenges WEA's billing records and contends that the fees claimed are excessive.  WEA asserts that all of the factors support an award of attorney fees.

The test for the first factor, public benefit, is whether the information that was disclosed assists the public in making an informed judgment as to governmental operations. *See Aviation Data Serv. v. Fed. Aviation Admin.*, 687 F.2d 1319, 1323 (10th Cir. 1982).  In weighing this factor, a court takes into consideration the degree of dissemination and likely public impact from the disclosure. *See id.* (quoting *Blue v. Bureau of Prisons*, 570 F.2d 529, 533-34 (5th Cir. 1978)).  "The test . . . is whether the disclosure will assist the citizenry generally in making an informed judgment as to governmental operations." *Id.*  WEA, in its motion, asserts that the information was shared "with its members and other stakeholder groups," and "referenced" in

lobbying activities. WEA, in its reply, also suggests that its use of the material has been somewhat successful in attracting the attention of policy makers. Although WEA nakedly alleges that its use of the material will benefit the public, there is no demonstration that the documents were disseminated for the benefit of the "public" as opposed to the benefit of only WEA's dues-paying members. The purpose of FOIA is to provide the public with information that sheds light on the government's performance of its duties. *See Forest Guardians v. U.S. Fed. Emergency Mgmt. Agency*, 410 F.3d 1214, 1217 (10th Cir. 2005). Even assuming that the limited materials that WEA obtained would be of substantial public interest – it appears the final version of the report was already public – WEA has used the material exclusively for the benefit of its members and failed to disseminate it to the public. Thus, the first factor weighs against an award of attorney fees.

WEA's use of the material also informs the Court's analysis of the second and third factors, the commercial benefit to the complainant and the nature of the complainant's interest in the records sought. These factors "assess whether a plaintiff has 'sufficient private incentive to seek disclosure' without attorney's fees." *Davy v. C.I.A.*, 550 F.3d 1155, 1160 (D.C. Cir. 2008). The U.S. Court of Appeals for the District of Columbia Circuit has stated that "FOIA's attorney's fees provision . . . was designed to lower the often insurmountable barriers presented by court costs and attorney fees to the average person requesting information under the FOIA" and, therefore, "when a litigant seeks disclosure for a commercial benefit or out of other personal motives, an award of attorney's fees is generally inappropriate." *Tax Analysts v. U.S. Dep't of Justice*, 965 F.2d 1092, 1095 (D.C. Cir. 1992) (quotation and ellipses omitted), *superseded by statute on other grounds as recognized in Summers v. Dep't of Justice*, 569 F.3d 500, 502 (D.C. Cir. 2009). WEA achieves a benefit for its members by obtaining the FOIA materials and has

used the information exclusively to support the limited interests that make up its membership, without demonstrating that it has added the materials "to the fund of information that citizens may use in making vital political choices."[1] *Aviation Data Serv.*, 687 F.2d at 1323 (quoting *Blue*, 570 F.2d at 534). This suggests that WEA's "private self-interest motive" is "sufficient to insure the vindication of the rights given in the FOIA," and there is "no need to award attorney's fees to insure that the action will be brought." *Id.* at 1322 (quoting *Fenster v. Brown*, 617 F.2d 740 (D.C. Cir. 1979)).

The fourth factor, whether the government had a reasonable basis in law for withholding the records, however, weighs for an award of attorney fees. FWS admits that it "did not respond to the request until litigation had commenced." For the initial delay, it blames an internal processing error that resulted in the request not being "forwarded to the correct region within FWS for processing." When the request was renewed, FWS merely states that it was forwarded to the appropriate region, but the relevant FOIA coordinator "was on vacation that week, and again the request was not appropriately handled." Nearly three months later, an individual was

---

[1] WEA seeks to draw analogies to other cases in which the plaintiff had a commercial interest or there was a limited audience for the materials that were obtained by FOIA, and in which attorney fees were nonetheless granted. The cases to which WEA refers, however, do not support it. In *Prison Legal News v. Executive Office for U.S. Attorneys*, No. 08–cv–01055–MSK–KLM, 2010 WL 3170824 (D. Colo. Aug. 10, 2010), this Court awarded attorney fees, stating that the relevant information would likely only be seen by a "relatively small" portion of the public. *Id.* at *2. In that case, however, unlike in the present matter, the information was posted on the plaintiff's website and at least theoretically available to the entire public. *Id.* Similarly, a private benefit was conferred in *Playboy Enterprises, Inc. v. U.S. Customs Service*, 959 F. Supp. 11 (D.D.C. 1997), but the court also stated its expectation that the case would result in the government agency making "prospective changes in its operations to prevent a recurrence" of the negative conduct at issue in that case, and the court concluded that, "[i]f this is not a public benefit then it would be difficult to discern what would meet that definition." *Id.* at 17. Finally, in *American Small Business League v. U.S. Small Business Administration*, No. C 08-00829 MHP, 2009 WL 1011632 (N.D. Cal. Apr. 15, 2009), the court found that the plaintiff acted for the purpose of verifying the government's allegation "for the public." *Id.* at *3. In the present matter, by contrast, WEA appears to act primarily for the commercial benefit of its members.

tasked with processing backlogged FOIA requests in the region, and she learned that the responsive documents were being reviewed by the Department of the Interior's Office of the Solicitor in conjunction with another FOIA request. No further action was taken until after WEA's lawsuit was filed. It is difficult to divine a "reasonable basis in law" that could support the government's delay.

Nonetheless, because three of the four factors weigh against an award, and FWS cooperated in resolving the matter quickly after litigation commenced, the Court finds that an award of attorney fees is not justified in this case. The Court does not find that the government acted in bad faith such as to overcome the balance of the other three factors. *See Aviation Data Serv.*, 687 F.2d at 1322.[2]

**IT IS THEREFORE ORDERED** that Plaintiff Western Energy Alliance's Motion for Attorney Fees and Costs **(# 13)** is **DENIED**.

Dated this 2nd day of September, 2014.

BY THE COURT:

_Marcia S. Krieger_
Marcia S. Krieger
United States District Judge

---

[2] Additionally, the Court notes significant concerns regarding the accuracy and amount of WEA's motion for fees. At a minimum, the billing records reflect several hours of work that appear to have been on another matter. Moreover, WEA seeks a total award of fees and costs of $37,061.52, of which substantially more than fifty percent was allegedly incurred drafting the motion for attorney fees and the reply (essentially "fees for fees"). In a case of similar complexity, the Court has concluded that "no more than five hours for briefing [was] reasonable to address the attorney fee issue." *Prison Legal News*, 2010 WL 3170824, at *4.